No. 19,481.

GEORGE MENG, *Appellee,* v. J. C. COLLINS, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*For Procuring Release of Claim by the State—No Compensation Earned.* Under an agreement that certain compensation was to be paid by M. in case C. procured a release and dismissal of a claim made by the state against M., C. obtained a promise from the board of control to the effect that on account of M.'s condition the claim would not be pressed against him at this time nor during his lifetime, that he could pay it when he had any extra money, that it would be collected either out of his estate or that of his wife after his

death, but that the claim would not be released or dismissed. *Held*, that the stipulated compensation had not been earned.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed May 8, 1915. Affirmed.

*E. J. Sheldon*, and *S. J. Shively*, both of Paola, for the appellant.

*Edward H. Coughlin*, and *Robert E. Coughlin*, both of Paola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: George Meng brought this action to recover upon a promissory note executed in his favor by J. C. Collins for $200. There was no dispute as to the note, but Collins alleged, by way of counterclaim, that Meng was indebted to him in the sum of $500 for services rendered in obtaining from the board of control a release of the claim of the state for the care and maintenance of Mrs. Meng at a state hospital. Meng replied that there had been negotiations between them respecting the claim but that the agreement was that unless Collins, who claimed to have much influence with the board of control, could obtain a release and dismissal of the claim he would not be entitled to compensation.

There is little, if any, dispute as to the conditions to be performed by Collins in order to earn the stipulated compensation. Meng claimed and testified that payment was to be made if Collins obtained a settlement and release of the obligation and a dismissal of the claim. There might have been a question about the conditions of the agreement but for the admissions of Collins. In the course of his testimony he expressly admitted that his right to compensation was based upon his obtaining a release and a dismissal of the claim. The testimony tends to show that Collins made a number of efforts to induce the board of control and in-

31—95 KAN.

dividual members of that board to settle and release the claim of the state against Meng, with the result that the board declined to reduce or release the claim, but did determine that on account of Meng's condition payment would not be insisted upon at that time, but, as the chairman stated in his letter:

"If he has any extra money at any time he wants to apply on his old bill, he can do so or he can just let the matter run and it can be paid either out of his estate or his wife's estate at the time of his death."

The present board of control is not pressing the claim at this time; and the chairman further stated that:

"Upon his death his wife will inherit one-half of his property and the state can then be reimbursed either from the estate of Mrs. Meng or from the estate of Mr. Meng."

He added that no compromise had been made and that the claim had not been either released or dismissed. Meng appears to have been satisfied with this disposition of the case but insists that as there was no release or dismissal no compensation had been earned by Collins under the terms of the contract. Collins freely concedes that nothing was due to him unless the claim of the state was dismissed, but he contends that the action taken by the board was substantially a dismissal. It is plain from the testimony that the action taken by the board did not amount to a dismissal of the claim nor a discharge of the obligation. Compensation was not earned unless there was a substantial compliance with the terms of the agreement, and upon the admissions of Collins, as well as from the other testimony, it is clear that the jury were warranted in finding that substantial compliance with the provisions of the contract had not been made.

The judgment is affirmed.